United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61157
Summary Calendar

_____

WILLIE MCLAURIN, et al.,

Plaintiff-Appellants,

versus

THE CITY OF JACKSON FIRE DEPARTMENT, et al.,

Defendants,

THE CITY OF JACKSON FIRE DEPARTMENT,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-294BN
---------------------

Before JOLLY, DENNIS, and CLEMENT Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellants appeal the district court's grant of

summary judgment in favor of defendant-appellees in this 42 U.S.C.

§ 1983 case.  We affirm.

    Plaintiff-appellants are firefights employed by the City of

Jackson Fire Department and are also members of a local union,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

International Association of Fire Fighters (IAFF). As candidates for a promotion to the lieutenant position, they took a test in 1999. They had been told that the test would consist of a timed pump test, a written test, and an interview. Additionally, they had been informed that if the testing criteria change, they would be given 21 days notice and that any added or omitted criteria would have the prior approval of the Department of Justice ("DOJ"). However, on testing day, they were told of changes to the test, which had garnered no prior approval by DOJ; furthermore, they realized the test would not be administered by an industrial psychologist. Finally, they allege that non-union members were allowed to wear identifying pins, and that union members were treated differently on the test day. Plaintiff-appellants thereafter complained to their employer, the City, alleging discrimination.

When the City took no corrective action, the firefighters sued under 42 U.S.C. § 1983, alleging that they were retaliated against for their first amendment-protected free speech and association. The City filed a motion for summary judgment, which the district court granted. The district court found that the firefighters failed to identify any speech chilled by the City's conduct. Additionally the district court decided that the firefighters had shown neither an adverse employment action nor a causal connection,

as required to maintain a prima facie case of retaliation under Section 1983.

We review a grant of summary judgment <u>de novo</u>, applying the same standard as the district court. <u>Gowesky v. Singing River Hospital Systems</u>, 321 F.3d 503, 507 (5th Cir. 2003). To prevail on a First Amendment retaliation claim under § 1983, the firefighters must show that: (1) they engaged in a constitutionally protected activity; (2) they suffered an adverse employment action; (3) there was a causal connection between the two; and (4) there was an execution of a policy, custom, or practice of the city that caused the adverse action. <u>Sharp v. City of Houston</u>, 164 F.3d 923, 932 (5th Cir. 1999).

We assume without deciding that membership in a union constitutes a protected activity. However, even assuming arguendo that changes to the test and irregularities in the testing procedure qualify as adverse employment actions in the wake of the Title VII retaliation case of <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 126 S.Ct. 2405 (2006), the firefighters fail to establish the requisite causal connection in that they point to no evidence that would indicate that their alleged adverse employment actions were a result of their union membership. To establish a causal connection, they must first show that the decision maker was aware of the protected activity. <u>Manning v. Chevron Chem. Co.</u>, 332 F.3d 874, 883 (5th Cir. 2003). In the case at bar, the firefighters

provide no concrete evidence as to the identity of the decision maker; even if the alleged decision maker was responsible for the adverse employment actions, there is no evidence that he was aware of the firefighters' union membership.  Beyond decision maker awareness, they must also show that their protected activity was a substantial or motivating factor for the adverse employment actions.  Morris v. Lindau, 196 F.3d 102, 111 (2d Cir. 1999). Here, the firefighters offer no evidence that would show that any alleged decision maker was unhappy with their union membership.

For the foregoing reasons, we AFFIRM.